**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4018-18T1

OCWEN LOAN
SERVICING, LLC,

     Plaintiff-Respondent,

v.

RODNEY O. LEE,
a/k/a RODNEY LEE,

     Defendant-Appellant,

and

RCL MANAGEMENT, AMERICAN
EXPRESS BANK FSB, SOMOYA
BROWN, CAVALRY PORTFOLIO
SERV/CAVALRY LLC ASSIGNEE
OF CAVALRY SPV I LLC ASSIGNEE
OF BANK OF AMERICA/FIA CARD
SERVICES NA, DISCOVER BANK,
FORD MOTOR CREDIT COMPANY
LLC d/b/a VOLVO CAR FINANCE
NA, MIDLAND FUNDING LLC,
ASSIGNEE CHASE BANK USA NA,
IRENE MUNOZ, JANET SANDERS,
JOHN SANDERS, and TOWNSHIP
OF HILLSIDE,

Defendants.

_____

Submitted November 4, 2020 – Decided  November 18, 2020

Before Judges Mawla and Natali.

On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-030760-16.

Rodney Lee, appellant pro se.

RAS Citron, LLC, attorneys for respondent (Christopher Ford, on the brief).

PER CURIAM

Defendant Rodney Lee appeals from a May 6, 2019 order denying his motion to vacate a sheriff's sale of property he formerly owned in Newark.  We affirm.

We previously recounted the facts leading to the foreclosure of the property in Ocwen Loan Servicing, LLC v. Lee, Docket No. A-2113-17 (App. Div. Nov. 8, 2018), in which we affirmed the judgment of foreclosure in favor of plaintiff Ocwen Loan Servicing, LLC.  (slip op. at 9-10).  Subsequent to our decision the property was sold to a third party, 263 North 6th St., LLC, which was the successful bidder at a sheriff's sale on February 5, 2019.

A-4018-18T1

Defendant filed a motion to vacate the sale six days later. He certified there was misconduct because he did not receive advance notice of the sale, and claimed there was no evidence provided by the sheriff or plaintiff that the sale was completed in accordance with "state[]law procedures" "to prove that . . . 263 North 6th Street, LLC was the purchaser/bidder at the [s]ale."

Plaintiff filed a certification in opposition to defendant's motion, attaching copies of an affidavit of posting establishing the sheriff posted notice of the sale at the sheriff's office and the property on December 11, 2018, and proof the notice was sent to defendant at the property and at an alternate address via certified and regular mail on January 11, 2019. Plaintiff provided the tracking numbers for the certified mail sent to both addresses, which showed the mail sent to the property was received on January 18, 2019, and the mail sent to defendant's alternate addresses was delivered January 28, 2019. Plaintiff also certified the regular mail was not returned.

The motion judge denied the motion to vacate the sale, noting defendant "provides no evidence of misconduct[,] failure of service[,] or irregularity of sale." The judge found as follows:

> Plaintiff has provided proofs that proper notice was in fact provided: the [s]heriff posted notice on the premises and in its office on December 11, 2018[,] and [p]laintiff's counsel sent notice of sale to both the

3

A-4018-18T1

premises and an alternate address known to be occupied by [d]efendant via regular and certified mail. These notices came more than [ten] days prior to the date of the sale as required under R[ule] 4:65-2, and in fact go above and beyond the requirements of the Rule, as notice only needs to be provided to the address of the premises.

On appeal, defendant argues the sale was neither valid, approved by the court, nor certified as having sold for a regular and fair price, and the motion judge violated due process by not addressing these arguments. Defendant argues there is no evidence the sale was held, that 263 North 6th St., LLC was the successful bidder, and the sheriff failed to file the proper affidavits following the sale proving there was public notice of the sale and reporting the sale.

We review a court's order denying a motion to vacate a sheriff's sale for an abuse of discretion. United States v. Scurry, 193 N.J. 492, 502-03 (2008). An abuse of discretion occurs "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467-68 (2012) (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

Defendant's arguments uniformly lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). The record readily supports

the motion judge's findings the sale was consummated in accordance with Rule 4:65-2, which states:

> If real or personal property is authorized by court order or writ of execution to be sold at public sale, notice of the sale shall be posted in the office of the sheriff of the county or counties where the property is located, and also, in the case of real property, on the premises to be sold, but need not be posted in any other place. . . . The party who obtained the order or writ shall, at least [ten] days prior to the date set for sale, serve a notice of sale by registered or certified mail, return receipt requested, upon (1) every party who has appeared in the action giving rise to the order or writ and (2) the owner of record of the property as of the date of commencement of the action whether or not appearing in the action . . . .

We also reject defendant's argument the report of the sale was improper. Rule 4:65-6(a) governs the report of sales and states: "A sheriff . . . selling lands to pay debts . . . shall file with the court a report of any sale made, verified by affidavit, stating the name of the purchaser and the price and terms of sale." The appellate record includes an execution sale statement of the writ of execution returned and filed on June 8, 2019, and the sheriff's report of sale filed on June 14, 2019, in accordance with the Rule, showing 263 North 6th St., LLC lawfully acquired the property.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

5

A-4018-18T1